No. 20.

## LITTEN v. WRIGHT SCHOOL TOWNSHIP.

APPELLATE COURT.— *Weight of Evidence.*—Where there is evidence tend-
ing to support the verdict of the court below, the Appellate Court will
not reverse the judgment on the weight of the evidence.

SCHOOLS AND SCHOOL DISTRICTS.—*School Supplies.— Usefulness of.—Com-
petency of Evidence.*—Where, in an action against a township on an in-
strument executed by the trustee in payment of school supplies pur-
chased by him, the complaint alleges that the supplies were bought for
the use of the public schools of the township, and were suitable and
necessary for the proper instruction of the pupils, the testimony of
teachers of the township and of a former superintendent of the county
as to the usefulness and necessity of the supplies is admissible.

SAME.—*Evidence.*—In such action letters written by stockholders of the
supply company to former trustees of the township referring to claims
and demands against the township in which they were interested, were
competent evidence.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for ap-
pellant.

*J. D. Alexander* and *H. W. Letsinger,* for appellee.

ROBINSON, J.—The instrument sued on in this action is as
follows, viz. :

" $225.        STATE OF INDIANA, GREENE COUNTY,
                    " Trustee's Office, Wright Township,
                                    " July 25, 1882.

" This is to certify that there is now due from this town-
ship, to H. L. Kimberlain & Co., two hundred and twenty-
five dollars for part of 10 of the McBride tellurians, bought
for the use of this township, and payable out of the special
school fund, at the Bloomfield Bank, at Bloomfield, on the
1st day of January, 1886, with interest at eight per cent. on
the amount after maturity till paid.

"Signed :                JAMES M. STARK,
                    " School Trustee of Wright Township.
    "P. O., Jasonville, Ind."

The complaint, among other things, alleged that the instrument set out was given as part payment for ten of the McBride tellurians sold and delivered to, and received and accepted by, said defendant ; that said tellurians were bought for the use of the public schools of said township, and were suitable and necessary for the proper instruction of the pupils attending school in said township ; that the instrument passed by endorsement to the appellant, who was the plaintiff below.

The appellee answered, in five paragraphs :

First, general denial.

The second paragraph admits the execution of the instrument, and that at the time Stark was trustee of Wright township, but that it was given as the pretended purchase-price for part of the ten tellurians ; that Stark and the payees, for the purpose of cheating and defrauding the taxpayers of said township entered into a corrupt, immoral, and fraudulent contract for the purchase of said tellurians, whereby the payees of the instrument were to sell to said township said tellurians at and for a greatly increased price, in excess of their value, to wit : $45, when they well knew that said tellurians were of no value to said township ; that as a part of said purchase-price thereof said trustee was to execute said instrument, and as a consideration thereof the payees therein agreed to pay said trustee, and he agreed to receive from the payees, the sum of $70 in money ; that said instrument was executed in pursuance of said corrupt, immoral, and fraudulent contract, for said purpose. and said trustee received from the payees said sum of $70 in money, and further denies each and every allegation contained in the complaint.

The third paragraph alleges, among other things, that said Stark, as such trustee, in consideration of the execution of said instrument, was to receive from the payees thereof certain moneys, premiums, rewards and percentages out of said instrument when the same should become due, the amount of such moneys, premiums, rewards and percentages being

unknown; that said instrument was executed on no other or different consideration.

The fourth paragraph alleges substantially the same facts set up in the second and third paragraphs, and in addition alleges that the further consideration for the execution of said instrument was the appointment of said Stark by the payees thereof, as their agent, to sell said tellurians in the counties of Greene, Clay and Vigo, and said payees agreed to pay said Stark moneys, benefits, premiums, rewards and drawbacks for the sale of each and every tellurian in said territory, and said Stark agreed to accept the same, and that upon these facts and the facts substantially as alleged in said second and third paragraphs, and restated in this answer, said instrument was executed.

The fifth alleges that said instrument was executed without consideration.

The appellant replied by general denial to these several answers. There was a trial by jury. Verdict for appellee, the defendant below. Motion for a new trial overruled and proper exception, with judgment on the verdict. The evidence is in the record.

The appellant assigns for error for the reversal of the cause, " That the court erred in overruling the motion for a new trial."

The following causes are assigned for a new trial:

1st. The verdict of the jury is not sustained by sufficient evidence.

2d. The verdict of the jury is contrary to law.

3d. The court erred in admitting in evidence the testimony of James McCullough as to the tellurians not being necessary and useful school supplies for Wright school township, and that said tellurians are not beneficial to teachers in said school township.

4th. The court erred in admitting in evidence the testimony of Cary Littlejohn as to the tellurians not being useful and necessary in Wright school township.

5th. The court erred in admitting in evidence the testimony of Samuel A. Axtell as to the McBride tellurians not being useful and necessary in the common schools of Wright township, Greene county, Indiana, and to illustrate what is claimed for it with teachers who have had no experience with these tellurians and received no instruction as to their use.

6th. The court erred in admitting in evidence a letter from Milton N. Moore to James P. Neal, dated January the 6th, 1887.

7th. The court erred in admitting in evidence a letter from H. L. Kimberlain to Samuel Grant, dated June 15th, 1884.

Counsel for both appellant and appellee have discussed, at great length, and with much energy and ability, the weight of the evidence. We have given all the evidence in the case a very careful and patient examination. There is much contradiction and conflict. It may be said that there is much conflict as to whether there was a delivery of the supplies, or whether they were necessary and useful for the common schools of the township, for which it is claimed they were sold. Under the rule of law so long settled by the Supreme Court, and which is familiar to all, without here citing any special case, we can not interfere with the finding of the trial court, if there was evidence that tended to sustain it. In this case we think that rule of law should be applied with full force ; there was evidence that tended to sustain the verdict of the jury.

The third, fourth, and fifth causes for a new trial go to error in the trial court in admitting certain evidence to go to the jury over the objection of the appellant. The facts constituting the alleged error under these causes for a new trial may be stated as follows : The appellee called as a witness James McCullough, who testified that he resided in Wright township, and taught school in winter and farmed in the summer ; that he held a thirty-six months' license, and had

been teaching eleven years, and was acquainted with the teachers in Wright township in 1882 and now. The appellant then asked said witness the following question, which he was permitted to answer, over the objection and exception of the appellant: " From what you know of teachers of that township (Wright) whether or not these tellurians would be useful and necessary for school supplies for said township. Answer: I don't believe an instrument of that kind beneficial to teachers of that township."

Cary Littlejohn, a witness on behalf of the appellee, testified that he resided in Wright township, Greene county, Indiana; that he followed farming in summer and teaching school in winter; held a thirty-six months' license; had taught school since 1880 ; that he was acquainted with the advancement of pupils in Wright township, and acquainted with the teachers in said township.

The appellee then asked said witness the following question, which he was permitted to answer over the objection and exception of the appellant : " State your opinion to the jury whether this machine is useful and necessary for schools of Wright township ?   Answer.  I don't believe it is an instrument useful or necessary for Wright township."

The appellee further introduced as a witness on his own behalf Samuel W. Axtell, who testified that he had been school examiner and superintendent for Greene county, Indiana, for years, and was acquainted with the advancement of the pupils and qualifications of the teachers of Wright township.

The appellee then asked said witness the following question, which he was permitted to answer over the objection and exception of the appellant :

" Were these McBride tellurians useful and necessary in the common schools of Wright township, Greene county, Indiana—illustrate what is claimed with teachers who have no experience with these tellurians, and have received no in-

struction as to their use? Answer. I consider them of no value in common schools in Wright township."

The question of the powers and duties of a school trustee in furnishing supplies for his school township has been before the Supreme Court frequently and in various forms. The law seems to be well settled by numerous decisions, " that a complaint against a school township on a contract for school supplies, to be good, must allege that such supplies were necessary and suitable for the use of the public schools of the township, and that they have been delivered to and accepted by such township."

Trustees do not and can not act merely as the agent of the township. He is a public officer, and his relations to his township, as the name of his office clearly imports, are all of a fiduciary nature. In dealing with such trustee, all persons are bound to take notice of his official and fiduciary character, and to know he can only bind his township by his contracts, verbal or written, when it appears or is shown by proper averment and proof that such contracts are authorized by law. *Bloomington School Tp.* v. *National School Furnishing Co.*, 107 Ind. 43.

The complaint in this case seems to have been drawn with especial reference to this authority, for it is averred in the complaint that said tellurians were bought for the use of the public schools of said township, and were suitable and necessary for the proper instruction of the pupils attending school in said township.

We can not presume that the tellurians were necessary and useful in the schools of all townships alike. It was one of the material facts that it was necessary to allege and prove as to the particular township to which the supplies were furnished.

The witnesses showed themselves competent to testify as to the facts. We do not think it was error to admit the evidence.

The sixth and seventh causes assigned go to the alleged error in the court admitting appellee to read in evidence certain letters. One was a letter from Milton N. Moore to James P. Neal, dated January 6th, 1887. The other was from H. L. Kimberlain to Samuel Grant, dated June 15th, 1884.

It is shown by the evidence that Moore, the writer of the letter to Neal, was a stockholder and treasurer of the company, and that Neal was at the time trustee of Wright township; and that the letter of Kimberlain to Grant was written while Grant was township trustee of Wright township. All of the parties were interested at the time, and the letters had reference to claims and demands against Wright township.

There was no error in permitting them to be read in evidence. There was nothing in the contents of the letters that could have in the remotest degree harmed any one.

The court committed no error in overruling the motion for a new trial.

The case is in all things affirmed, with costs.

Filed April 14, 1891.