*J. L. White*, for the defendants.

---

TAYLOR *v.* PERRY.

Assumpsit by *A.* against *B.* and *C.* on a promissory note, dated the 7th of *December*, 1839, and payable six months after date to *A.*, administrator of the estate of *D.* Plea, that the note was given in consideration of a certain tract of land sold by *A.* to *B.* at the time the note was given; that the sale was made under an order of the Probate Court, the parties to the sale agreeing at the time, that the payment of the purchase-money and the execution of the deed should be concurrent acts; that, in pursuance of the agreement, the Probate Court, at its *February* term, 1840, appointed one *E.* a commissioner to execute a deed for the land to *B.* on payment of the purchase-money; and that the deed had not been made or tendered to *B.* either absolutely or conditionally. *Held*, on general demurrer, that the plea was good.

May Term, 1841.

TAYLOR
v.
PERRY.

Tuesday, June 8.

ERROR to the *Hendricks* Circuit Court.

BLACKFORD, J.—Assumpsit by *H. C. Perry* against *J. Watts* and *J. Taylor*, on a promissory note dated the 7th of *December*, 1839, and payable six months after date. The note was payable to *H. C. Perry*, administrator of the estate of *John Montague*, deceased. The process was not executed on *Watts*. *Taylor* pleaded, 1. Non assumpsit; 2. That the note was given in consideration of a certain tract of land, sold by *Perry* to *Watts* at the time the note was given; that the sale was made under an order of the Probate Court, the parties to the sale agreeing at the time, that the payment of the purchase-money and the execution of the deed should be concurrent acts; that, in pursuance of the agreement, the Probate Court at its *February* term, 1840, appointed one *Hadley* a commissioner to execute a deed for the land to *Watts* on payment of the purchase-money; and that the deed had not been made or tendered to *Watts* either absolutely or conditionally. General demurrer to the special plea, and judgment for the plaintiff.

The demurrer to the special plea ought not to have been sustained. In ordinary contracts for the purchase of land, where the payment of the consideration-money and the making of the conveyance are to be concurrent acts, the money is not recoverable unless there has been an execution of the deed, or an offer to execute it on payment, at the same time, of the purchase-money, or a good excuse can be shown for not having made or offered the deed. *Owen* v. *Norris, Nov.* term, 1840.—(1). We see nothing in the case before us to take it out of the general rule.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Quarles*, for the plaintiff.

*C. C. Nave*, for the defendant.

(1) Vide *Burrows et al.* v. *Yount, May* term, 1843.