May Term, 1844.

HENTON
.v.
BEELER.

*Wednesday, June 5.*

---

HENTON and Another *v.* BEELER.

Debt on a sealed note for the payment of money. Plea, that the consideration of the note was certain land (describing it) belonging to one *A.* an infant; that at the time the note was given, the land was sold at private sale to the defendant by one *B.*, a commissioner appointed by the Probate Court for that purpose; that three notes were given by the defendant for the payment of the purchase-money by instalments, on one of which notes, being the one last due, this suit is founded; that at the time the notes were given, *B.*, as commissioner as aforesaid, executed his bond obligating himself to convey all the right and title of said *A.* in said land to the defendant, on payment of the purchase-money, provided the sale should be confirmed, but if set aside, the notes were to be returned to the defendant; that *B.* has not made or tendered, nor offered to make or tender to defendant a conveyance for the land either absolutely or conditionally, or otherwise, but has hitherto failed to do so; that he cannot make such conveyance, and the consideration of the note has therefore failed, &c. *Held*, that the plea was good.

*Wednesday, June 5.*

ERROR to the *Hendricks* Circuit Court.

BLACKFORD, J.—*Joseph Beeler* brought an action of debt against *George W. Carson, Benjamin Armstrong*, and *William Henton*. The suit was founded on a sealed note for 266

dollars and 66 cents, payable to the plaintiff, guardian of George Matlock an infant. The writ was returned "not found" as to Carson.

Armstrong and Henton pleaded as follows: That the consideration of the note was certain land (describing it) belonging to George Matlock an infant; that at the time the note was given, the land was sold at private sale to Carson for 800 dollars, by one Nichols, a commissioner appointed by the Probate Court for that purpose; that three notes were given by Carson and the defendants his sureties, for the payment of the purchase-money by instalments, on one of which notes, being the one last due, this suit is founded; that at the time the notes were given, Nichols, as commissioner as aforesaid, executed his bond obligating himself to convey all the right and title of said George Matlock in said land to Carson on payment of the purchase-money, provided the sale should be confirmed by the Court, but if the sale should be set aside, the notes were to be returned to Carson; that Nichols has. not made or tendered, nor offered to make or tender to Carson, a conveyance for the land either absolutely or conditionally, or otherwise, but has hitherto failed and refused to do so; that he cannot make such conveyance, and the consideration of the note sued on has therefore failed, &c.

Replication, that the sale mentioned in the plea was made by Nichols as a commissioner, appointed by the Probate Court, &c., in a case then pending, in which the plaintiff as guardian of George Matlock an infant, filed a petition as such guardian to obtain an order, among other things, for the sale of the premises described in the plea, and which premises were thereupon sold by Nichols as commissioner as aforesaid by virtue of his said appointment.

General demurrer to the replication and judgment for the plaintiff.

The replication is evidently no answer to the plea, but it is contended that the plea is insufficient. The plea appears to us, however, to be unexceptionable. It alleges the note to have been given for the last payment for certain real estate belonging to an infant, sold by a commissioner appointed for the purpose by the Probate Court; that the commissioner bound himself to the purchaser by bond, at the time of the

May Term, sale, to convey to him the infant's interest in the estate on
1844.      payment of the purchase-money, if the sale should be con-
BEAN       firmed, and if it should be set aside, to return the notes, &c.
v.         According to these allegations, the payment of the purchase-
KEEN.      money to the plaintiff and the executing of the conveyance
were to be concurrent acts, and though the sale were con-
firmed, the payee could not recover on the note sued on, the
one last due, without at least showing that a conveyance had
been offered on payment, at the same time, of such note.
See *Taylor* v. *Perry*, 5 Blackf. 599.

The plaintiff contends that the statute under which these
sales are made, requires the purchase-money to be paid before
the making of the deed. It is sufficient, however, for the de-
fendants in this case to show that the contract was otherwise.
The sale itself may be objectionable if not authorized by the
statute, but that view of the subject would not benefit the
plaintiff.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

*C. C. Nave*, for the plaintiffs.

*C. Fletcher*, *O. Butler*, and *S. Yandes*, for the defendant.