Nov. Term, 1861.

SWAIN
v.
MORBERLY.

---

SWAIN and Another *v.* MORBERLY.

A person purchasing of a commissioner appointed to sell real estate, in proceedings for partition, is not entitled to a deed under the statute, until the purchase money has been paid.

*A.*, as commissioner, &c., executed to *B.* a certificate, as follows : " I do certify that *B.* has purchased the following real estate, (describing it,) for the price of, &c., for which he has given his notes with security, and that he is entitled to a deed for the same when this sale is confirmed by the Court." The sale was confirmed by the Court, and without making a deed, *A.* sued for the purchase money.

*Held*, that the certificate did not purport to be a contract, binding upon *A.*, and did not bind him to cause a deed to be made, but simply certified that the purchaser would be entitled to a deed, if the sale was confirmed;

Nov. Term, 1861.

SWAIN
v.
MORBERLY.

Wednesday, November 27.

and a tender of a deed before suit for the purchase money, was not necessary.

APPEAL from the *Rush* Circuit Court.

WORDEN, J.—*Morberly* was appointed a commissioner to sell certain real estate, left by *Michael Rice*, deceased, on proceedings for the partition thereof. As such commissioner, he sold the land to *Alonzo Swain*, and took his three several promissory notes, with *F. F. Swain* as surety thereon, for the payment of the purchase money.

At the time of the sale, *Morberly* executed to *Swain* the following certificate of purchase, viz:

"State of *Indiana, Shelby* county:
    *July* 17, 1857.

"I do certify that on this day, above written, *Alonzo Swain* purchased at public sale the following property, belonging to the heirs of *M. Rice*, deceased, to wit: (here follows a description of the land) for the sum of $2,364, in three equal payments, in six, twelve and eighteen months, with interest from date, and has given his notes with·approved security for the same; and that he is entitled to a deed for the same, when this sale is confirmed by the Court of Common Pleas of said county of *Shelby*.

(Signed)    "THOMAS MORBERLY,"
"*Commissioner to sell the real estate of* M. RICE, *deceased.*"

This suit was brought by *Morberly*, on the notes thus given.

The defendants filed an answer of five paragraphs, to each of which a demurrer was sustained, and final judgment was rendered for the plaintiff.

The defendants appeal. The correctness of the decision on the demurrer is the only question presented here.

The first paragraph of the answer sets out the certificate above copied, and avers "that the said sale of real estate was duly confirmed by the said *Shelby* Common Pleas Court, at the term thereof next after said sale, and that the defendants have in all respects complied with said contract of sale, on the part of *A. Swain*, but that the said plaintiff has not complied with his part of said contract, in this, to wit: that he has not made, or caused to be made, by any proper

person or officer, to said defendant, *A. Swain*, a deed of con-
veyance of said real estate, nor did he apply to said Court
therefor; and that the same should have been so made and
applied for, and delivered before the commencement of this
suit."

The statute under which the sale was made, provides that
"whenever it shall appear to the Court that the purchase
money for the land sold has been duly paid, the Court shall
order such commissioner, or some other person, to execute
conveyances to the purchaser," &c.   2 R. S. 1852, § 21,
p. 332.

Under this statute, it is clear that a purchaser is not enti-
tled to a conveyance until the purchase money is paid; nor
is the tender of a conveyance a condition precedent to the
right to recover the purchase money.

The question then arises, whether the certificate executed
by the plaintiff is such a contract as binds him, before the
purchase money can be recovered, to make, or cause to be
made, a conveyance of the land, when the sale was con-
firmed.   We think clearly not.   Indeed, the certificate does
not seem to amount to any agreement at all.   It does not
purport to be a contract, binding upon *Morberly*.   It certifies
that, as such commissioner, he has sold the land, and that
when the sale shall be confirmed, *Swain* will be entitled to
a deed.   It does not bind him to make, or cause to be made,
a deed for the land, either upon the sale being confirmed,
or at any other time.   The certificate evidently means, that
the purchaser will be entitled to a conveyance, if the sale
should be confirmed; but it does not purport to fix any
obligation upon the plaintiff, in this respect.   Herein, the
case differs radically from that of *Henton* v. *Beeler*, 7 Blackf.
150, which is relied upon by the appellants.   In that case,
the commissioner had entered into a bond, obligating him-
self to convey.

There was no error committed in sustaining the demurrer
to this paragraph of the answer.

The demurrers to the other paragraphs were correctly
sustained, for the reason, if for no other, that the facts set
up in each paragraph were pleaded in bar of the whole

Nov. Term, cause of action, while, at most, they could only be a bar to
1861.       a part.

THE EVANS-        *Per Curiam.*—The judgment is affirmed, with costs, and
VILLE, &c.   2 per cent damages. ·
RAILROAD CO.
    v.            *L. Sexton,* for the appellant.
  HIATT           *Davis, Wright & Green,* for the appellee.