*J. S. Buckles* and *J. W. Ryan,* for appellant.
*W. March* and *J. A. Wells,* for appellee.

---

## SWINDELL ET AL. *v.* RICHEY, COMMISSIONER.

VENDOR AND PURCHASER.—*Sale of Real Estate by Commissioner.*—*Action for Purchase-Money.*—*Making Deed.*—*Concurrent Acts.*—Where real estate was sold by a commissioner appointed by a court for that purpose, and the commissioner made to the purchaser a certificate of sale, reciting in it that a " deed was to be made when ordered by the court," but it contained no agreement or obligation on the part of the commissioner to make a deed;

*Held,* that the making of the deed, and the payment of the purchase-money, were not concurrent acts, and suit might be maintained for the last instalment of the purchase-money, without executing or delivering, or offering to execute and deliver, a deed.

SAME.—*Lien Upon Real Estate.*—*Set-Off.*—Where the owner of real estate, sold by a commissioner, agrees, at the time of the sale, that he will pay the amount of a ditch assessment against the real estate, and save the land harmless from such assessment, the amount of such assessment which the purchaser may have been compelled to pay may be set off against the unpaid purchase-money, in a suit for the same by the commissioner.

APPEAL from the Henry Common Pleas.

OSBORN, J.—The appellee, as commissioner in a case named, sued the appellants, to recover the amount of a promissory note payable by them to him as such commissioner.

The defendants answered in three paragraphs. The first paragraph alleged that the note was given for a part of the purchase-money and as the last payment for land, described in the answer, sold by the appellee, as a commissioner appointed for that purpose by the Henry Circuit Court, in the case named in the note, at public sale; that the land was purchased by Swindell for seven thousand six hundred and fifty-one dollars and thirty cents, one-third of which was paid down, and two notes executed for the residue by him, with Hudelson as his surety, in two equal payments, the first of which had been paid; that the note in suit was the other; that at the time of the sale, the appellee executed and delivered to Swindell a certificate of purchase, and thereby agreed to execute to the purchaser a proper deed of conveyance, on the order of the Henry Circuit Court; that afterward, the Henry Circuit Court confirmed the sale, and ordered that the commissioner execute, seal, and deliver to the purchaser a good and sufficient deed of conveyance for the land upon the payment of the purchase-money; that the commissioner did not, at any time before the commencement of the action, or since, execute, and deliver, or offer to execute and deliver, to Swindell a deed of conveyance for the land, on condition that he would pay the note in suit or otherwise.

A copy of the certificate is filed and made a part of the answer. It is an ordinary certificate of purchase, containing no binding words upon the commissioner. It simply recites the fact and terms of the sale; that it was made subject to the confirmation and approval of the court, and concluded as follows: "A deed to be made when ordered by the court."

The second paragraph alleges the sale of the land and the execution of the note, etc., as in the first; and in addi-

tion avers that before the order for the sale of land was made, a ditching company was duly organized, naming it, for the purpose of draining certain lands named, including the lands sold to Swindell; that the ditch had been located, in part, upon the land so sold to him, whereby it became liable to be assessed and taxed on account of the benefits to it by the construction of the ditch; that it was expressly agreed and publicly announced by the appellee and the proprietors of the land, at the time of and immediately before such sale, that such proprietors would pay said ditch tax and assessment, and that the purchaser thereof should take and have the land free from such tax and ditch assessment; that under such agreement and public announcement, and relying thereon, Swindell became the purchaser; that the land was assessed in benefits and taxed for the construction of said ditch in the sum of four hundred dollars; that the appellee and the proprietors of the land wholly failing and refusing to pay the assessment and tax, and the same being a lien on the land, Swindell was compelled to and did, before the commencement of the action, pay two hundred dollars of such assessment and tax, which sum he offered to set off against so much of the sum demanded in the complaint.

The third paragraph was like the second, except that instead of offering to set off the two hundred dollars paid on the assessment, it alleged a failure of consideration of the note as to that sum.

Separate demurrers were filed and sustained to each of the paragraphs of the answer, and exception duly taken. The appellants failing and refusing to answer further, the court, after hearing the evidence, rendered final judgment against them for the full amount of the note and interest.

The appellants assign for error, first, sustaining the demurrer to the first paragraph of the answer; second sustaining the demurrer to the second paragraph of the answer; third, sustaining the demurrer to the third paragraph of the answer.

The appellants contend that the certificate of purchase and the order of the court made the contract between the

parties and entitled the purchaser to a deed upon the payment of the purchase-money; that the tender of the deed and payment of the last instalment of the purchase-money were concurrent acts, and that the appellee could not maintain the suit on the note without having first tendered the deed. *Taylor* v. *Perry*, 5 Blackf. 599; *Henton* v. *Beeler*, 7 Blackf. 150, are cited to sustain that position.

It will be observed that in both of these cases, by the terms of the contract, it was agreed that the payment of the purchase-money and the execution of the deed should be concurrent acts. In the case of *Henton* v. *Beeler*, 7 Blackf. *supra*, the commissioner making the sale, at the time the notes were given, executed his obligation, binding himself to convey all the right and title of Matlock in the land sold, on payment of the purchase-money. The court held that no recovery could be had for the purchase-money until a deed was tendered for the land sold. The decision is placed entirely upon the terms of the contract. The court said: "The plaintiff contends that the statute under which these sales are made, requires the purchase-money to be paid before the making of the deed. It is sufficient, however, for the defendants in this case to show that the contract was otherwise." In the other case cited the plea alleged that the sale was made under an order of the probate court, the parties to the sale agreeing at the time that the payment of the purchase-money and the execution of the deed should be concurrent acts.

In the case at bar, the certificate shows that no agreement was entered into by the appellee, nor obligation assumed to make a deed to the purchaser, unless the words, "a deed to be made when ordered by the court," constitute such agreement or obligation. The certificate stated that the appellee, as commissioner, had sold the land to Swindell, at public sale, under an order of the court. It stated the price and terms of sale; that it was subject to the confirmation of the court. It also showed that notes had been given to secure the deferred payments. The certificate and note both

bear date April 10th, 1869. The answer alleges that the sale was confirmed at the fall term of the court, 1869, when the order for the deed was made. The contract of sale was completed on the 10th of April, and, by the contract, the payment of the purchase-money and the execution of the deed were not concurrent acts.

The statute in force at the time the sale was made provided, that "whenever it shall appear to the court that the purchase-money for the land sold has been duly paid, the court shall order such commissioner, or some other person, to execute conveyances to the purchaser." The contract did not, as in 7 Blackf. *supra*, bind the commissioner to make a deed. But like the case of *Swain* v. *Morberly*, 17 Ind. 99, it evidently meant that the purchaser would be entitled to a deed after the confirmation of sale, the payment of the purchase-money, and an order of the court that a deed should be made by such person as the court should designate. The certificate, in the case last cited, provided, that the purchaser should be entitled to a deed, " when this sale is confirmed by the court of common pleas of said county of Shelby." The answer in that case alleged that the sale had been confirmed by the proper court, and that no deed had been tendered to him, and that no application had been made to the court for a deed. The court said: "The certificate evidently means, that the purchaser will be entitled to a conveyance, if the sale should be confirmed; but it does not purport to fix any obligation upon the plaintiff, in this respect. Herein, the case differs radically from that of *Henton* v. *Beeler*, 7 Blackf. 150, which is relied upon by the appellants. In that case, the commissioner had entered into a bond, obligating himself to convey." The same difference exists in this case.

The court committed no error in overruling the demurrer to the first paragraph of the answer.

The facts alleged in the second and third paragraphs of the answer are the same. The only difference between them is, that the second claims the benefit by way of set-off, and

the third as a failure of consideration. We have concluded that, if the facts entitle Swindell to any relief, it will be as a set-off, and not a failure of consideration.

The statute, 2 G. & H. 88, sec. 57, provides, that "the set-off shall be allowed only in actions for money demands upon contract, and must consist of matter arising out of a debt, duty, or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured, at or before the time it is offered as a set-off." Section 58, p. 89 of the same statute, provides, that, "in all actions upon a note or other contract against several defendants, any one of whom is principal and the others sureties therein, any claim upon contract in favor of the principal defendant, and against the plaintiff, or any other former holder of the note or other contract, may be pleaded as a set-off by the principal or any other defendant." Section 3, p. 34, same statute, provides, that "every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section." The next section, p. 37, provides, that "a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted." In the same section it is also provided, that "a trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another."

The appellee, under an order of the Henry Circuit Court, sold at public sale certain real estate to one of the appellants, and received the note in suit to secure the last instalment of the purchase-money. The owners of the land, and for whose benefit the sale was made, were present at the sale, and to induce Swindell to purchase the land, agreed with him before, and at the time of the sale, that if he would become the purchaser, they would pay any and all assessments and taxes made and levied upon the land for benefits to it by reason of the construction of a ditch theretofore located upon it, and that he should have and hold the land clear and

free from such tax or assessment. He relied upon that agreement and purchased the land, and they derived the benefits. Since that time he has been compelled to pay two hundred dollars, part of an assessment upon the land for that ditch.

It is insisted that whatever agreement was made with Swindell for the payment of the assessment was merged in the final contract and certificate of purchase. If the contract had been made with the appellee, that position might be correct. But it was not. It was made with the owners of the land. They were interested in the sale, and for the purpose of causing the land to sell for an increased price, made the agreement. We think that they were bound by it, and that they are liable to the purchaser for whatever sum he has paid, or may be compelled to pay, to relieve the land from assessments made upon it for the ditch.

The appellee prosecuted the action as a trustee of an express trust. A claim against him could not be set off, for the reason that he was not the real party in interest. *Flournoy* v. *The City of Jeffersonville*, 17 Ind. 169. We can see no reason why a claim against the beneficiary may not be set off under our practice. The trustee has no personal interest in the result of the suit. It is in the *cestui que trust.* He is the real party in interest. The action is prosecuted in the name of the trustee for his benefit.

In *Waddle* v. *Harbeck*, 33 Ind. 231, it was held that, in an action by a trustee of an express trust, a set-off against the beneficiary could be made. The court said, on page 235: "The reason for excluding the set-off against the trustee would make it admissible when the debt is due from the beneficiary, the 'real party in interest.'"

The judgment of the said Henry Court of Common Pleas is reversed, with costs; cause remanded to the Henry Circuit Court, with instructions to overrule the demurrer to the second paragraph of the appellants' answer, and for further proceedings, in accordance with this opinion.

*J. T. Elliott*, for appellants.

*T. B. Redding*, for appellee.