Roseboom *v.* The Jefferson School Township.

No. 13,937.

ROSEBOOM *v.* THE JEFFERSON SCHOOL TOWNSHIP.

TOWNSHIP TRUSTEE.—*Authority to Incur Debt.*—The trustee has no authority to incur a debt beyond the fund on hand, and that to be derived from the tax levy for the year, without an order from the board of commissioners.

PRACTICE.—*Written Instrument.*—*Question on Ruling as to.*—*Supreme Court.* Where a written instrument is offered and excluded it must be brought into the record in order to present any question on the ruling excluding it.

From the Boone Circuit Court.

*P. H. Dutch,* for appellant.

ELLIOTT, J.—The appellant entered into a contract with Lee H. Miles, as trustee of Jefferson school township, wherein he undertook to build a school-house for the township, and for which the trustee agreed he should be paid five hundred and sixteen dollars.   The appellant performed part of the work, and was prevented from prosecuting it further by George F. Young, the successor in office of Lee H. Miles. The appellee's third paragraph of answer alleges that the contract sued on was entered into without authority, for the reason that at the time it was made there were no funds, or anticipated funds, out of which the cost of building the school-house could be paid; that the school township was then indebted above the money in the hands of the trustee, and that to be derived from the tax levy, in the sum of $706.38; that no order was obtained from the board of commissioners authorizing the trustee to incur a debt for the construction of the school-house.   To this answer a demurrer was overruled.

The decision in the case of *Middleton* v. *Greeson*, 106 Ind. 18, settles the questions arising on this answer against the appellant.   The trustee had no authority to incur a debt beyond the fund on hand, and that to be derived from the tax levy for the year, without an order from the board of county commissioners.

The assessment list, which the appellants assert was offered in evidence, is not in the bill of exceptions, and consequently the record presents no question which we can consider. Where a written instrument is offered, and excluded, it must be brought into the record in order to present any question on the ruling excluding it.

Judgment affirmed.

Filed Feb. 27, 1890.