The State, *ex rel*. Cunningham, *v*. Helms *et al*.

No. 15,828.

The State, ex rel. Cunningham, *v*. Helms et al.

PLEADING.—*Exhibit.—When can not Aid Complaint.*—Where a complaint is not predicated upon an exhibit, the exhibit can not be looked to to supply an omitted averment, or to otherwise aid the complaint.

TOWNSHIP TRUSTEE.—*Liability of Trustee and Bondsmen for Money Borrowed.—Complaint, Sufficiency of.— Demurrer.*—Where a complaint, in an action against a township trustee and his bondsmen, for money loaned for township purposes, charged a violation of sections 6006 and 6007, R. S. 1881, by a township trustee, in an effort to incur a debt against his township, and that he thereby secured from the relator $1,000 in money, in the name of his township, by virtue of, and under color of, his office, and that he appropriated such money to his own use, it charges facts involving the liability of the trustee and his bondsmen, under section 2, Acts of 1883, page 114, and is sufficient on demurrer.

SAME.—*Promissory Note.—Signature.—Descriptio Personæ.—Contract, When Binding on Township.*—Where a township trustee, in executing a note for money borrowed in behalf of his township, signed the note as "Albert Helms, trustee of Sugar Creek township, Hancock county, Indiana," the words "trustee of Sugar Creek township," etc., are not mere *descriptio personæ*, but create a debt in the name of and in behalf of the township.

LEGISLATURE.—*Power of as Affecting Legal Remedy.—Contract.—Impairing Obligation of.*—It is competent for the Legislature to change the form of a remedy or to modify it otherwise as they may see fit, or to repeal it where the act does not affect vested rights, but the remedy subsisting in a State when and where a contract is made and is to be performed, is a part of its obligation, and any subsequent law which so affects that remedy as substantially to even lessen the value of the contract, is forbidden by the constitution, and is void.

SAME.—*Statute Repealed.—Effect on Remedy.—Action.*—The repeal of a statute under which a penalty, forfeiture, or liability has accrued, does not release or extinguish such penalty, forfeiture, or liability, unless the repealing act shall expressly so provide; and an action therefor may be enforced under such act, according to section 248, R. S. 1881.

From the Hancock Circuit Court.

The State, *ex rel.* Cunningham, *v.* Helms *et al.*

A. V. Brown, S. E. Urmston, J. A. New, F. Winter and J. B. Elam, for appellant.

C. G. Offutt and R. A. Black, for appellees.

DAILEY, J.—This action was instituted in the court below by the State of Indiana on the relation of Joseph W. Cunningham, appellant, against Albert Helms, trustee of Sugar Creek township, in Hancock county, Indiana, principal, and Benjamin F. Rice, William T. Eaton, William Nichols and Henry C. Nichols, his sureties on his official bond as such officer.

The complaint charges, that at the April election in the year 1888, the defendant, Albert Helms, was elected the trustee of Sugar Creek township, in said county, and that on the 12th day of April, 1888, the said trustee qualified by executing his certain official bond, with his coappellees as his sureties thereon, approved by the auditor of said county, on the said 12th day of April, 1888; that on the 12th day of November, 1888, the said Helms, then being the trustee of said township, and acting under the said official bond, was engaged in erecting a schoolhouse suitable for the educational purposes of said township, and necessary therefor, and that to complete said building it became necessary for the said Helms to borrow the money and incur an indebtedness on behalf of his township, and in order to obtain the money necessary in that behalf, he, as such trustee, and in the name of and in behalf of said school township of said county, executed the promissory note for the sum of $1,000, to the relator, herein exhibited with the complaint; that thereupon the said Helms, as such trustee, received said sum of $1,000, represented by said note, in money, for the purposes aforesaid; that such loan was made, and the said funds so received by said trustee, for the purposes aforesaid, which the said Helms, with-

out the knowledge of the plaintiff, appropriated to his own use; that the said sum of money has never been repaid to the relator, or any part thereof; that the debts of said township were, at the time, in the aggregate, in excess of the fund on hand to which said loan about to be made by the relator is chargeable, to wit, the special school fund; that the fund on account of which said sum of money was borrowed, to wit, the special school fund of said township, then and before said loan was made, in the hands of said trustee, and the fund to be received and to be derived from the taxes assessed against the said township and the property thereof for the year 1888, in which said debt was incurred, together, were less in sum and amount than the amount of the loan aforesaid, to wit, the sum of $1,000, made to defendant by relator; that the said trustee did not at any time procure an order from the board of commissioners of said county in which said township is situate, authorizing him to contract such indebtedness; and that said township trustee did not at any time file a petition in the auditor's office of said county setting forth the object for which said debt was made or was to be incurred, or the proximate amount to be required. Neither did said trustee make affidavit to said board that he had caused notice to be given of the pendency of any petition in that behalf, or that any notice of said petition was ever given or posted; that said relator loaned said money to said township in good faith and without any knowledge of the fact that there were no funds in hand nor a sufficient amount of funds arising from the current levy to pay said debt so made, and prays judgment upon the official bond of said Helms for the amount of money received and the interest thereon.

The official bond of said trustee is made part of and exhibited with each paragraph of the complaint.

The complaint consists of two paragraphs, to each of which a demurrer was sustained by the court below and proper exceptions reserved.

The plaintiff refusing to plead further, judgment was rendered against it for want of a complaint, and from this decision plaintiff has appealed, and presents the question of the sufficiency of the complaint.

The first inquiry to be considered in this investigation is whether the township trustee, Helms, as such, contracted any debt in the name of or on behalf of his township, and of which he was the trustee.

The complaint, as stated, charges "that in order to obtain the money necessary in that behalf (to build the schoolhouse), he, as such trustee and in the name of and in behalf of Sugar Creek school township of said county, executed the promissory note for the sum of $1,000, to the relator herein, and that thereupon said Helms, as such trustee, received the said sum of $1,000, represented by said note, in money."

The first paragraph of the complaint avers "That said Helms, as such trustee, and in the name of and in behalf of the civil township, and of Sugar Creek school township of said county, borrowed and received from Joseph W. Cunningham, the relator herein, the sum of $1,000; that said debt contracted was made in the name of and in behalf of said corporation above stated."

It is true that the note is exhibited with each paragraph of the complaint, but the action is upon the official bond of the township trustee, and not upon the note. The note, not being the foundation of the action, it can neither add to nor take from the pleading. When the complaint is not predicated on the exhibit, we can not look to the latter to supply an omitted averment, or to otherwise aid the complaint. In such case, it can not be made part of the pleading. To withstand a demurrer, the pleading must

be good within itself, without reference to the writing. *Huseman* v. *Sims*, 104 Ind. 317; *Dumbould* v. *Rowley*, 113 Ind. 353; 1 Works Prac., etc., section 420, and cases there cited.

It is settled by the authorities, that municipal and *quasi* corporations can make, in a proper case, a promissory note. It may bind itself by a negotiable promissory note or bill of exchange for any debt contracted in the course of its legitimate business, for any expenses incurred in any matter or thing which it is authorized to do, or any matter which is not foreign to the purposes of its creation. A school township may also execute a note, but being payable out of a particular fund; it is not commercial paper. *Sheffield School Tp.* v. *Andress*, 56 Ind. 157; *School Town, etc.*, v. *Kendall, Admx.*, 72 Ind. 93.

Counsel for the appellees contend that the words "trustee of Sugar Creek township, Hancock county, Ind.," following the signature "Albert Helms," can only be regarded mere *descriptio personæ*, and being so considered, the note   *   *   *   must be held to be the individual note of Albert Helms. Many authorities are cited as supporting or tending to support this contention.

In *School Town, etc.*, v. *Kendall, Admx., supra*, this court said: "It is further insisted that these notes do not purport to bind the corporation, and must be regarded as the notes of the individuals whose names are signed, and the words 'school trustees' and 'trustees of Monticello school,' must be treated as mere *descriptio personæ*. If the appellant were a private corporation, there would be great force in the suggestion. *Hays* v. *Crutcher*, 54 Ind. 260. But the rule laid down, and so well illustrated in the case cited, is not without exceptions. Contracts made by public agents stand upon a

different footing from those made by agents of persons or of private corporations."

The learned judge then quotes from Story on Agency, sections 302, 303 and 304, in support of this doctrine, and concludes his very able opinion with this statement: "It is clear that a school town or township is a purely public corporation, and the trustees thereof public agents. These notes, therefore, which were confessedly executed upon considerations moving only to the use and benefit of the appellant, are binding on no one unless upon the appellant. We have no hesitation in holding them to be, under the facts averred and upon the proof made, the obligations of the appellant." We also cite *Mackenzie* v. *Board, etc.*, 72 Ind. 189.

In *Bicknell, Admx.*, v. *Widner School Tp.*, 73 Ind. 501, it was held that "Where money is loaned to a township trustee for the purpose of completing a needed and suitable schoolhouse, the trustee not then having the funds on hand to finish the same, and the money is applied to such purpose, the school township represented by such trustee and receiving the benefit of such money is liable therefor."

We cite, in this connection, *Wallis* v. *Johnson School Tp.* 75 Ind. 368; *Pine Civil Tp.* v. *Huber, etc., Co.*, 83 Ind. 121.

All of these authorities go, without contradiction, to the one proposition that under the averments in the complaint, and even the note exhibited therewith, the said trustee did contract a debt in the name of and in behalf of his township.

Section 2 of an act entitled "An act touching the duties of township trustees with reference to liquidating and contracting indebtedness of townships in certain cases, approved March 5, 1883," which will be found in the Acts of 1883, p. 114, reads as follows: "And it is

further provided that any trustee, in any county of the State of Indiana, who shall contract any debt in the name or in behalf of any civil or school township of which he may be the trustee, contrary to the provisions of sections 1 and 2 of 'An act to limit the powers of township trustees in incurring debts, and requiring him to designate certain days for the transaction of township business,' approved March 11, 1875 (the same being numbered 6006 and 6007, of the Revised Statutes of the State of Indiana), shall be personally liable, and liable on his official bond, to the holder of any contract or other evidence of such indebtedness, for the amount thereof.''

The provisions of this section, then, are such that if the appellee, Helms, in this case, as the trustee of his school township, contracted any debt in the name of or in behalf of his township, contrary to the provisions of said sections 6006 and 6007, R. S. 1881, he is liable upon his official bond to the holder of such contract or other evidence of indebtedness for the amount thereof.

The complaint alleges that the township trustee was then constructing a schoolhouse in his township, suitable for the educational purposes of said township, and that said building was necessary therefor. It also avers that said plaintiff's relator loaned said money in good faith, and without any knowledge of the fact that there were no funds on hand, or a sufficient amount of funds arising from the current levy to pay said debt so made.

Section 6006, *supra*, provides that ''Whenever it becomes necessary, for the trustee of any township in this State to incur on behalf of his township, any debt or debts whose aggregate amount shall be in excess of the fund on hand to which such debt or debts are chargeable, and of the fund to be derived from the tax assessed against his township for the year in which such debt is to be in-

curred, such trustee shall first procure an order from the board of commissioners of the county in which such township is situated, authorizing him to contract such indebtedness.''

Now we have before us an officer building a schoolhouse, and doing so because it was necessary for the purposes of his township, and undertaking to make a debt with a design of affording funds to pay for said building, and the complaint charges that all the trustee did in that behalf was contrary to the provisions of said sections 6006 and 6007. It also charges that the special school fund of said township, then and before said loan was made, in the hands of said trustee, and the funds received and to be derived from the taxes assessed against said township and the property thereof for the year 1888, in which said debt was incurred, were together less in sum and amount than the amount of the loan aforesaid, to wit, $1,000. It being charged that the loan was made for the purpose of constructing a schoolhouse, if the money had been properly appropriated by the trustee, it would be to the credit of the special school fund of said township; but the trustee, in his effort to create this liability against the township, violated the provisions of said section of the statute, and created against himself, on that account, the penalties provided and attaching by virtue of the provisions of section 2, *supra*, if the same is valid.

Where the conditions arising as stated in section 6006 exist, then section 6007 provides in what manner a debt may be incurred under such circumstances, that is, the trustee shall file in the auditor's office of his county a petition setting forth the object for which such debt or debts are to be incurred, and the approximate amount which will be required, which will be verified by his

oath, and the notice of the pendency of such petition shall be given by posting the same in not less than five public places in the township, and at least twenty days before the first day of the ensuing term of the board of commissioners, and after the trustee shall have done all these things, which are conditions precedent to the right of the board to take action upon such petition, then, in such event, the said board shall grant the order to incur the debt, but not otherwise.

Each paragraph of the complaint especially alleges that the township trustee did not file any such petition, did not post any notice of the hearing of the same, and did not petition the board of commissioners for any such order, and, by failing so to do, he violated the provisions of said section in undertaking to incur the debt aforesaid.

Now, as the complaint charges the plain violation of said sections 6006 and 6007, by the trustee, in an effort to incur the debt against the township, and that he thereby secured from the relator $1,000 in money, in the name of the township, by virtue of and under color of his office, it thus charges acts which involve the trustee, and in such case his bondsmen, who are his coappellees in this case, are made liable, under section 2, *supra*, for the amount of money so received and converted.

If it had been shown in the complaint that the money was received by the trustee and used for the benefit of the township, the plaintiff would have no recourse against the bondsmen, but his remedy would have been against the township in the name of which the contract was made. It is because the township did not receive these funds, and because the trustee did not comply with the law providing a method by which the debt might be incurred and then appropriated to his own use the sum borrowed, that suit can be maintained against his bondsmen.

If there is any efficacy in these several sections of the statute regulating the conduct and liability of trustees, the bondsmen must respond in damages for the breaches of official duty charged in the complaint. They pledged themselves, by the bond in suit, as the law requires, that their principal trustee would discharge his duties in all respects according to law, and they should be held to their obligation. The trustees and their bondsmen are made liable for the debts thus contracted. *Jefferson School Tp.* v. *Litton, Admr.*, 116 Ind. 467; *State, ex rel.*, v. *Hawes*, 112 Ind. 323.

It is suggested by the learned counsel for the appellees, that the section of the statute under which the appellant seeks to hold the appellees liable as sureties is against public policy, unconstitutional and void, but we do not concur in this contention. That section recognizes the equity and justice of creditor's claims, and impliedly legalizes them in so far as the debts may have been incurred in violation of sections 6006 and 6007. It seems very clearly to have been based upon the assumption that township trustees had undertaken, at least, to incur debts in violation of said sections, and that, notwithstanding such violations, creditors without actual knowledge of the facts should be protected. As to the future, two purposes are manifest in the section: One is to save innocent creditors, and the other is to effectually prevent any further extravagances on the part of township trustees by creating a recourse to their bonds. We think it is adequate to the work intended.

But counsel for the appellees confront us with the proposition that the act approved March 5, 1883, *supra*, under which it is claimed that the bondsmen of the trustee are liable by reason of the facts alleged in appellant's complaint, was, on the 9th day of March, 1889, repealed, as will be seen by the Acts of 1889, p. 278, and

that as the repealing act is sweeping and unconditional, containing no saving clause whatever, it follows that the appellant has no cause of action, and the ruling of the court below in sustaining the demurrer to each paragraph of the appellant's complaint was, therefore, right and must be upheld.   In support of this contention, counsel say that where a right of action is given wholly by statute, a repeal of the statute will take away the right unless it is saved, which was not done in this case. The authorities they cite do not lend them aid to the extent claimed.

The case of *Board, etc.*, v. *Ruckman*, 57 Ind. 96, was on a claim filed by the appellee before the Board of Commissioners of St. Joseph county, at their December term, 1876, for the refunding to him of taxes paid by him on certain lands located in a school section.   The board declined, at that time, to hear the evidence in support of the claim, and the cause went, by appeal, to the circuit court, where, at the May term thereof, 1877, it was tried by the court, who, upon proper request, found the facts specially, and, as conclusions of law thereon, the court found that the board ought to have allowed, to be paid out of the county treasury, the sum of $59.93.   The court said:   "Without a statutory provision, taxes thus paid can not be recovered back."   Pending the action in the court below, the Legislature, on February 8, 1877, enacted a statute, explicit in its terms, clearly cutting off any right of action in such cases as that embraced in the finding of the court.   The court then hold that when a right of action, not existing at common law, is given by statute, and the statute is repealed without saving pending actions, pending judicial proceedings fall to the ground with its repeal, for the reason that the Legislature have the power and the right to take away, by statute, a remedy given by statute, unless rights have vested

under the law before its repeal, and that the law giving the remedy was not a contract, but a simple statutory provision, which might be repealed at any time at the will of the Legislature.

"When a statute was entirely remedial in its character, * * * it was clearly competent for the Legislature to repeal it, and either take away the remedy it afforded altogether, or to substitute a new and different remedy in its stead." *Flinn* v. *Parsons, Admr.*, 60 Ind. 573; *Rupert* v. *Martz*, 116 Ind. 72.

We have no doubt it is competent for the Legislature to change the form of the remedy, or to modify it otherwise as they may see fit, or to repeal it where the act does not affect vested rights, but it is a well settled principle that the remedy subsisting in a State, when and where the contract is made and is to be performed, is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to even lessen the value of the contract, is forbidden by the constitution, and is therefore void. The obligation of a contract, in the constitutional sense, is the means provided by law for its enforcement, by which the parties can be obliged to perform it. Whatever legislation lessens the efficacy of these means impairs the obligation. *Seibert* v. *Lewis*, 122 U. S. 284; *Fisk* v. *Jefferson Police Jury*, 116 U. S. 131; *Edwards* v. *Kearzey*, 96 U. S. 595; *Rice* v. *Railroad Co.*, 1 Black, 358; *Streubel* v. *Milwaukee, etc., R. R. Co.*, 12 Wis. 67; *Graham* v. *Chicago, etc., R. W. Co.*, 53 Wis. 473; *Worthen* v. *Ratcliffe*, 42 Ark. 330; *Goodale* v. *Fennell*, 27 Ohio St. 426.

In the case under consideration, the repeal of the act of March 5, 1883, *supra*, can not affect appellant's right to enforce the obligation of the official bond, created by the second section of that act in his favor, because it would deprive him of all remedy for the collection of his

debt, which was contracted while the statute was in force and in contemplation of its provisions for his benefit.

In addition to this, section 248, R. S. 1881, which has been in force since July 2, 1877, among other things, provides that "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

This statute has been held to uphold the collection of a drainage assessment after the act providing for the collection had been repealed. *Barren Creek Ditching Co.* v. *Beck*, 99 Ind. 247.

We think the act of March 5, 1883, *supra*, still in force, so far as it relates to the cause of action stated in the complaint, and that the court below erred in sustaining a demurrer thereto.

Judgment reversed, with instructions to overrule the demurrer to each paragraph of the complaint.

Filed Dec. 19, 1893.