HELMS ET AL. *v.* THE STATE, EX REL. CUNNINGHAM.

[No. 2,250.    Filed Nov. 16, 1897.    Rehearing denied Feb. 23, 1898.]

TOWNSHIP TRUSTEE.—*Unauthorized Contracts.—Liability of . Township.*—The failure of a township trustee to observe the requirements of the law relative to incurring an indebtedness on the part of the township will prevent a recovery on such contract, but an action may be maintained against the township for the benefit conferred on it through the performance of the contract. *pp. 362, 363.*

PRACTICE.—*Harmless Error.*—In an action against a township trustee and his bondsmen for money alleged to have been borrowed by such trustee without authority of law and appropriated to his own private use, no error was committed in sustaining a demurrer to an answer alleging that the money so borrowed was used in the construction of a schoolhouse, as such allegation was provable under the general issue. *pp. 363, 364.*

From the Rush Circuit Court.    *Affirmed.*

*R. A. Black, J. B. Black* and *E. B. Pugh,* for appellants.

*Smith, Cambern & Smith, Downing & Hough* and *Marsh & Cook,* for appellees.

ROBINSON, J.—Appellee sued appellants on the official bond of Albert Helms as trustee of Sugar Creek township in Hancock county, Indiana. The complaint avers that Albert Helms was trustee of Sugar Creek township and that appellants Rice, Eaton, Nichols and Nichols, were sureties on his official bond; that in November, 1888, said Helms as such township trustee, was engaged in erecting a schoolhouse suitable and necessary for the educational purposes of his township; that in order to complete said building it became necessary for him, as trustee, to borrow money and incur debt on behalf of his township, and. in order to obtain the money necessary for that purpose, he, as such trustee, and in the name of and in behalf of his township, executed a promissory note for

the sum of $1,000.00 to the appellee; that said Helms received on said note $1.000.00 in money; that after said loan was made, and the said funds so received by said trustee, and for the purpose aforesaid, the said Helms, without the knowledge of appellee, appropriated the same to his own use; that said sum of money has never been repaid appellee, nor any part thereof; that the debts of the township were at the time, in the aggregate, in excess of the special school fund on hand; that the special school fund of said township, then and before said loan was made, in the hands of said trustee, and the funds received and to be derived from taxes assessed in said township for the year 1888, in which said debt was incurred, together, were less in amount than said loan; that said trustee did not at any time procure an order from the board of commissioners of the county authorizing him to contract such indebtedness and that said trustee did not at any time file a petition in the auditor's office of said county setting forth the object for which said debt was made or was to be incurred, or the proximate amount to be required, nor did said trustee make affidavit to said board that he had caused notice to be given of the pendency of any petition in that behalf, or that any notice of said petition was ever given or posted; that the relator loaned said money to said township in good faith and without any knowledge of the fact that there were no funds on hand or a sufficient amount of funds arising from the current levy to pay said debt so made. The bond of the trustee, and the note were filed with the complaint as exhibits. On a former appeal to the Supreme Court the complaint was held sufficient. *State, ex rel.,* v. *Helms,* 136 Ind. 122.

The appellants answered in four paragraphs. The first paragraph was a general denial, and the fourth

a plea of payment.   The second paragraph of answer admits that the trustee, Helms, borrowed the money and executed the note, and denies that Helms converted the money to his own use; but, it is averred that Helms, as such trustee, used and expended said money in the building and construction of a schoolhouse for said township, which said schoolhouse was necessary and proper for the use and purpose of said township.   The third paragraph of answer differs from the second only in that it avers that, of the money borrowed, $500.00 was expended for such schoolhouse, and that the balance of said money was expended by the trustee in the payment of the legitimate and proper indebtedness of said township, but that the defendants were unable to give an itemized statement of said indebtedness, or a more definite statement in regard thereto.   A demurrer to the second and third paragraphs of answer was sustained, and this ruling is assigned as error.

On the former appeal it was held that the complaint stated a cause of action against the bondsmen, for the reason that it appeared that the township did not receive the money borrowed, and that the trustee did not comply with the law providing a method by which the debt might be incurred, and then appropriated to his own use the sum borrowed.   *State, ex rel.,* v. *Helms, supra.*   It is well settled that no action can be maintained against a township trustee upon a contract made by the trustee in violation of the statute providing for the contracting of indebtedness by the trustee.   It is settled, also, that although there may have been a failure to comply with the statute, there may be a recovery from the township for the benefit conferred on it through the performance of the contract.   A failure to observe the requirements of the statute prevents a recovery on the contract, but the

right to recover for the actual benefits received by the township still exists.   See *Union School Tp.* v. *First Nat'l Bank,* 102 Ind. 468; *Bicknell* v. *Widner School Tp.,* 73 Ind. 501; *Roseboom* v. *Jefferson School Tp.,* 122 Ind. 377; *Boyd* v. *Black School Tp.,* 123 Ind. 1; *Clinton School Tp.* v. *Lebanon Nat'l Bank,* 18 Ind. App. 42.

On the former appeal the court said that "as the complaint charges the plain violation of said sections 6006 and 6007 by the trustee, in an effort to incur the debt against the township, and that he thereby secured from the relator $1,000.00 in money, in the name of the township, by virtue of, and under color of his office, it thus charges acts which involve the trustee; and in such case his bondsmen, who are his co-appellees in this case, are made liable, under section 2, *supra,* for the amount of money so received and converted.   *   *   *   It is because the township did not receive these funds, and because the trustee did not comply with the law providing a method by which the debt might be incurred, and then appropriated to his own use the sum borrowed, that suit can be maintained against his bondsmen."   *State, ex rel.,* v. *Helms, supra,* p. 130.

The allegation in the complaint that the trustee converted the money to his own use is a material fact, which appellee must prove by a fair preponderance of the evidence.   Appellant was entitled, under the general issue pleaded, to disprove this allegation; and, if the trustee made some disposition of the money other than as alleged in the complaint, that fact could be shown.   If in fact the trustee did not convert the money to his own use, the appellee could not recover, although it might appear that the trustee had made some disposition of the money other than in the building of a schoolhouse.   It is true, the opinion on the

former appeal says that "if it had been shown in the complaint that the money was received by the trustee, and used for the benefit of the township, the plaintiff would have no recourse against the bondsmen, but his remedy would have been against the township in the name of which the contract was made." But the appellants were not necessarily bound to show that the township is liable, in order to defeat the cause of action stated in the complaint. If the money was used in building a schoolhouse, that fact would defeat appellee's right to recover, and could have been shown under the general issue pleaded. The township is not a party, and to prove that the money was used in building a schoolhouse could have no greater effect than to disprove the allegation that the trustee converted the money to his own use. The sustaining of the demurrer to the second and third paragraphs of answer—they having been pleaded with the general denial—was harmless error. Judgment affirmed.

Black and Henley, JJ., took no part in this decision.