## MARLEY ET AL. v. NATIONAL BUILDING, LOAN AND SAVINGS ASSOCIATION No. 2.

### [No. 3,720.  Filed February 18, 1902.]

PLEADING.—*Exhibits.*—*Suit to Cancel Mortgage.*—In a suit against a building and loan association to cancel a bond and mortgage it is not necessary to make the bond and mortgage a part of the complaint nor to file them as exhibits. *p. 370.*

SAME.—*Improper Exhibit.*—Where an exhibit is not properly a part of a pleading it cannot be considered to aid or overthrow the pleading. *p. 370.*

SAME.—*Fraud.*—*Building and Loan Associations.*—*Suit to Cancel Mortgage.*—A complaint against a building and loan association to cancel a bond and mortgage on the ground that plaintiffs were induced to contract a loan with defendant and execute a bond and mortgage therefor upon certain representations made by defendant, not embraced in the bond and mortgage, which representations plaintiffs had complied with, is insufficient, where it is not shown that there was fraud or mistake in the execution of the bond and mortgage. *pp. 370, 371.*

From Grant Circuit Court; *J. L. Custer*, Judge.

Suit by Charlotte Marley and others against the National Building, Loan and Savings Association No. 2 to cancel a bond and mortgage. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*A. E. Steele* and *J. A. Kersey*, for appellants.

*A. T. Wright*, *W. N. Harding* and *A. R. Hovey*, for appellee.

ROBINSON, P. J.—Appellants' complaint in two paragraphs seeks the cancelation of a bond and mortgage. A demurrer was sustained to each paragraph, and these rulings are assigned as error.

In a suit to cancel a bond and mortgage it is not necessary to make them part of the complaint or file them as exhibits. *Johnson* v. *Moore*, 112 Ind. 91. And where an exhibit is not a part of a pleading, it can not be considered in aid of it. *Plunkett* v. *Black*, 117 Ind. 14; *Hight* v. *Taylor*, 97 Ind. 392; *Black* v. *Richards*, 95 Ind. 184. Nor do we know of any authority permitting such an exhibit to be considered to overthrow the pleading. The mortgage is simply filed as an exhibit, "a copy thereof is herewith filed, and marked exhibit A." As the action is not founded upon the mortgage, the filing of it does not make it a part of the pleading. As it is no part of the pleading, it is not a proper exhibit for any purpose, and the sufficiency or insufficiency of the pleading must be determined without reference to it. See, *Fitch* v. *Byall*, 149 Ind. 554; *Gum-Elastic, etc., Co.* v. *Mexico Pub. Co.*, 140 Ind. 158, 30 L. R. A. 700; *Conwell* v. *Conwell*, 100 Ind. 437; *Price* v. *Bayless*, 131 Ind. 437; *Liggett* v. *Lozier*, 133 Ind. 451.

As we can not consider the exhibit in aid of the complaint, some of its averments are insufficient as averments of fact, and lend no aid to the pleading. Construing the pleading without reference to the exhibit, its evident theory is that appellants were induced to contract a loan with appellee, and to execute a bond and mortgage therefor upon representations made by appellee. If these representations had been true, and had been made the terms and conditions of the bond and mortgage, appellants would have had no cause to complain. But they seek now to have the bond and mortgage canceled, not because their terms have been complied with, but because appellants have complied with an agreement based upon these representations. They admit the execution of the bond and mortgage, and seek their cancelation on the ground that they have complied with certain terms and conditions which were represented to be, but which are not, the terms and conditions of the instruments themselves. If the bond and mortgage differ from these

representations, to plaintiffs' injury, and would not have been executed except for such representations, they must have been executed through some mistake or fraud. Upon no other grounds can they vary or take from or modify the written contracts which they admittedly executed by proof of any prior or contemporaneous parol agreement. See, *Smith* v. *McClain,* 146 Ind. 77; *Oiler* v. *Gard,* 23 Ind. 212; *Ice* v. *Ball,* 102 Ind. 42. It is not claimed there was any mistake. Nor is it claimed, nor can it be claimed, that the pleading avers facts necessary to show fraud. As we construe the pleading it could have no theory but that of fraud, and upon that theory it is insufficient. *Langsdale* v. *Girton,* 51 Ind. 99; *Furnas* v. *Friday,* 102 Ind. 129; *Lewark* v. *Carter,* 117 Ind. 206, 3 L. R. A. 440, 10 Am. St. 40; *Kirkpatrick* v. *Reeves,* 121 Ind. 280.

Judgment affirmed.