## BEATTY-NICKLE OIL COMPANY *v.* SMETHERS.

[No. 7,161.  Filed October 6, 1911.  Rehearing denied February 2,
1912.  Transfer denied March 7, 1912.]

1.  QUIETING TITLE.—*Cancellation.—Lease.—Setting out as Exhibit.
—Complaint.*—A complaint to quiet title to certain real estate and
to cancel a lease thereon need not set out such lease as an ex-
hibit; and if it is set out, the sufficiency of the complaint must be
determined without reference thereto.  p. 604.

2.  QUIETING TITLE.—*Cancellation of Lease.—Complaint.*—A com-
plaint to quiet title and to cancel a lease, alleging that plaintiff
is the owner of the land, that he executed to defendant's assignor
a lease, that such lease was duly assigned to defendant, that one
condition thereof required the lessee to sink yearly three wells
provided they were paying wells, and one each sixty days there-
after until ten were drilled, that one paying well was sunk and
defendant's assignor plugged it, and that the lessee wholly aban-
doned said lease and sunk no other wells on the premises, and
that wells on the adjoining lands are being operated and plain-
tiff's oil being removed, states a cause of action.  p. 604.

3.  CONTRACTS.—*Gas and Oil Leases.—Abandonment.—Evidence.—
Special Findings.*—Special findings showing that the lessee of land
agreed to sink certain wells for gas and oil, and that if gas and
oil could be found in paying quantities, to sink other wells, that
the lessee sunk one well and found gas in paying quantities but
did not explore for oil, but plugged such gas well, that the as-
signee of the lease never took possession under such lease, that
such assignee operated oil wells on adjacent lands and was ex-
tracting the oil from plaintiff's land, sustain a conclusion of law
quieting plaintiff's title and canceling such lease.  pp. 604, 606.

4.  TRIAL.—*Special Findings.—Evidence.*—In determining whether
a special finding is supported by the evidence only that most
favorable will be considered.  p. 606.

5.  TRIAL.—*Special Findings.—Omissions.*—Courts cannot look to
the evidence to supply an omission in the special findings; and
such omission will be considered as a finding against the party
having the burden of proving the omitted fact.  p. 606.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Suit by Thomas Smethers against the Beatty-Nickle Oil
Company.  From a decree for plaintiff, defendant appeals.
*Affirmed.*

*Condo & Brown, Sayre & Hunter,* for appellant.
*Lesh & Lesh, Shiveley & Switzer,* for appellee.

FELT, P. J.—Appellee brought this suit against appellant to cancel a gas and oil lease and to quiet title to real estate. The court found the facts specially, stated its conclusions of law thereon in favor of appellee, and entered a decree accordingly.

The errors assigned call in question the court's ruling on the demurrer to the second paragraph of complaint, the conclusions of law on the, special finding of facts, and the overruling of appellant's motion for a new trial.

The first paragraph of the complaint is in the usual form to quiet title to real estate. The second paragraph alleges, in substance, that on December 20, 1902, one Weesner was the owner of the real estate in question; that on that day he duly executed an oil and gas lease thereon to the Huntington Light and Fuel Company, which lease was duly recorded, a copy of which was filed as an exhibit with the second paragraph of the complaint; that said lessee thereafter assigned said lease to the Wagner Oil Company, which company duly assigned it to appellant; that said lease is null and void, and appellant and its assignors have wholly failed to carry out the terms and conditions thereof; that one of the conditions required the holder of said lease to complete three wells within one year from the date of the lease, providing each was a paying gas well, and to complete a well every sixty days until ten wells were drilled, provided each well drilled was a paying well, unavoidable delays excepted; that in June, 1903, a well was put down, which was a paying gas well, but that after using it for a short time appellant's assignor plugged the well, and it has remained plugged and unused continuously since that time; that thereupon the lessee abandoned said lease, and no additional wells have been drilled, and said condition subsequent in said lease has been wholly broken; that wells on adjoining lands are

being operated and the oil under appellee's land thereby removed.

Making the lease a part of the complaint as an exhibit does not aid the pleading seeking to cancel the lease and to quiet the title to real estate. The action is not founded on the lease, and the sufficiency of the pleading must be determined independently of the exhibit. *Marley* v. *National Bldg., etc., Assn.* (1902), 28 Ind. App. 369; *Johnson* v. *Moore* (1887), 112 Ind. 91; *Gum-Elastic Roofing Co.* v. *Mexico Publishing Co.* (1895), 140 Ind. 158, 30 L. R. A. 700; *State, ex rel.,* v. *Helms* (1893), 136 Ind. 122.

However, aside from the exhibit, the second paragraph of the complaint states a cause of action. The substance of the lease is sufficiently stated to advise the court of its general import, and the averments, fairly interpreted, show that a paying well was obtained, and that there was a failure to drill other wells or to develop the territory for oil, as required by the terms of the lease; that the lease was abandoned by appellant and its assignor; that wells on the adjoining lands were being operated, and the oil drawn from appellee's premises into said wells.

The court found the facts as averred in the complaint, and, omitting points not controverted, stated that the Huntington Light and Fuel Company on June 5, 1903, completed the first well, and paid $100 for the privilege of using gas off the premises from said well for the ensuing year; that said company failed to put down any other wells, or to test the aforesaid well for oil, or in any manner to explore or to develop said premises for oil or gas; that the gas obtained was used temporarily, and was small in quantity and weak in pressure; that on May 25, 1904, said Huntington Light and Fuel Company assigned said lease to the Wagner Oil Company, which company on October 3, 1905, assigned it to appellant; that said Wagner Oil Company failed to put down any additional wells on said leased premises, or to explore or otherwise develop said premises

for gas or oil, or to test said well for oil, except to make preparation to connect it with its power on an adjoining farm; that before it was so connected, about July, 1904, the owner of said land notified said Wagner Oil Company not to make said connection, asserting that the lease was null and void; that appellant never took possession of said premises under its assignment of said lease, and never undertook to operate thereon or otherwise to explore or to develop said premises; that during all of said time appellant has been operating six wells for oil on adjoining farms, some of which are in close proximity to appellee's premises.

On this finding of facts the court stated its conclusions of law, that the lease was abandoned by the lessee and its assignees, and had become inoperative and void because of such abandonment and failure to comply with its terms and conditions, and that the law is with appellee.

It appears from the lease, the complaint, and the finding of the court, that the development of the territory for oil was as much contemplated by the parties to the contract as the procurement of natural gas, and that failure to develop for oil would thwart the manifest purpose of the lease. *Dill* v. *Fraze* (1907), 169 Ind. 53; *Consumers Gas Trust Co.* v. *Littler* (1904), 162 Ind. 320; *Erie Crawford Oil Co.* v. *Meeks* (1907), 40 Ind. App. 156.

The complaint alleged and the court found that the oil under the leased premises was being drawn off through wells operated by appellant on adjoining lands; also, that appellant never took possession of the premises under its assignment of the lease, and never undertook to operate thereon. From these and other facts the court concluded that because the lease was abandoned it had become void.

The case is different from those where a party accepts money in advance in lieu of development, and then arbitrarily seeks to annul the lease without giving a reasonable time within which to develop.

It is familiar law, that in determining whether a special

finding is sustained by the evidence, an appellate court will consider only the evidence that tends to support the finding. *Robinson & Co.* v. *Hathaway* (1898), 150 Ind. 679.

Neither can the court look to the evidence to aid a special finding of facts, or to supply an omission in the finding.

*Stout* v. *Gaar, Scott & Co.* (1901), 26 Ind. App. 582.

5. If the finding is silent on a material fact to be found, it will be taken as a finding against the party having the burden of proving such fact. *State Bank, etc.,* v. *Backus* (1903), 160 Ind. 682; *McGrew* v. *Thayer* (1900), 24 Ind. App. 578.

Tested by these rules, we conclude that the finding of facts is fairly supported by the evidence, and that the facts found are sufficient to warrant the conclusion of the trial court and to sustain the judgment rendered.

No available error is shown by the record.

Judgment affirmed.