No. 13,822.

THE STATE, EX REL. PETER, *v.* KEIFER ET AL.

TOWNSHIP TRUSTEE.—*Certificate of Allowance.—Assignment.—Individual Act.
—Liability on Bond.*—The act of a township trustee in assigning a cer-
tificate of allowance for services, and afterwards procuring a duplicate
certificate and taking credit therefor in his settlement with the county
commissioners, is an individual act, and creates no liability in favor of
the assignee on the trustee's official bond.

From the Perry Circuit Court.

*E. E. Drumb,* for appellant.

*W. Henning* and *E. C. Vance,* for appellees.

OLDS, J.—This is an action by the appellant against the
appellees, on the bond of the appellee Keifer, as trustee of
Troy township, in Perry county.

The breach of the bond assigned in the complaint is that
Keifer, as such trustee, made out and presented to the board
of commissioners of Perry county, at the August term, 1883,
his itemized account for services as required by law, amount-
ing to $214, which was examined and allowed by said board
of commissioners ; that said Keifer procured a certificate
from the auditor of said county, stating said sum had been
allowed to said Keifer as trustee for his services, and that he
sold and transferred said certificate, and his claim for
services, to one James M. Comb, who afterwards sold and
assigned the same to the appellant, James Peter ; that after-
wards said Keifer procured a duplicate certificate from the
auditor of said county, and in a settlement with the board
of commissioners said Keifer took credit for said sum so
allowed to him, and filed the duplicate certificate as a voucher
for said amount. Copies of the bond and certificate of the
auditor were filed with the complaint. The certificate of the

auditor. states: " That at a settlement with the board of commissioners of said county, on the 9th day of August, 1883, Lawrence Keifer, trustee of Troy township, was allowed the sum of two hundred and fourteen dollars for his services as such trustee to said date."

The appellee demurred to the complaint, for cause that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained, exceptions reserved, and the ruling assigned as error.

It is contended by counsel for appellant that the transfer and assignment of the certificate created an indebtedness on the part of the township to the appellant, which it was the duty of Keifer, as trustee, to pay, and a failure to pay the same constituted a breach of his bond. The only condition of the bond which it can be contended has been violated is that which provides that he " shall well and faithfully discharge the duties of said office according to law." The indebtedness to appellant from the township, if any indebtedness existed, was created by the assignment and transfer by Keifer of his claim for services. Such assignment and transfer were not a part of the duties of Keifer as trustee, nor does the law contemplate or authorize the doing of any such official act; and of this, persons dealing with him and taking an assignment of his claim were bound to take knowledge. It does not appear from the complaint what was the character of the services rendered for which the allowance was made ; a part of the compensation for the services of a trustee is paid out of the township funds, which he has in his hands, and the trustee is liable to account for the township funds which may come into his hands, less the amount due to him for such services as are to be paid for out of that fund ; and if the allowance was for such services as are payable out of the township funds, and he had township funds to that amount, or in excess of the sum on hand at the time of the allowance, there would be no indebtedness existing from the township to Keifer as trustee, but Keifer's liability

for township funds would be reduced the amount due him from such fund for services as trustee. If the allowance to Keifer as trustee was for services rendered as overseer of the poor, which was payable out of the funds of the county on order of the board of commissioners, then it would not be a debt the township would have to pay, as contended by counsel for the appellant; and if he assigned his claim before it was paid it would be the duty of the assignee to notify the board of commissioners before payment, else a payment to Keifer would be good. *State, ex rel.,* v. *Givan,* 45 Ind. 267; *State, ex rel.,* v. *Kent,* 53 Ind. 112; *State, ex rel.,* v. *Fleming,* 46 Ind. 206; *Carey* v. *State, ex rel.,* 34 Ind. 105; *Jenkins* v. *Lemonds,* 29 Ind. 294; *Doepfner* v. *State, ex rel.,* 36 Ind. 111.

In any event, the acts complained of in this case were the individual acts of Keifer, and do not show any failure or neglect of his official duties as township trustee, creating a liability on the bond. The demurrer to the complaint was properly sustained.

Judgment affirmed, with costs.

