No. 14,275.

## BOYD v. MILL CREEK SCHOOL TOWNSHIP.

TOWNSHIP.—*Certificates.—Fraudulent Issue of.—Rights of Assignee.*—By a con-
spiracy between a township trustee and the plaintiff's assignor certifi-
cates of indebtedness were issued for lightning-rods erected on the
school-houses of the township to an amount almost four times their
value. One of the certificates was assigned to the plaintiff, who seeks
a recovery upon it against the township.

*Held*, that the certificate is void, and that the township, although it has
not rescinded the contract, and retains the benefit thereof, is not bound
upon it.

*Held*, also, that the assignee is not entitled to recover on the certificate
the actual value of the goods furnished the township.

From the Fountain Circuit Court.

*C. M. McCabe*, for appellant.

*T. F. Davidson*, for appellee.

MITCHELL, J.—Mill Creek school township was sued by
Boyd, assignee of a certificate issued by the township trustee
who certified over his hand that there was due the plaintiff's
assignor the sum of $797.85, payable in one year, with eight
per cent. interest, for erecting lightning-rods on certain
school-houses. Within issues duly submitted for trial, a jury
returned a special verdict, from which we extract the fol-
lowing facts:

In 1885 the plaintiff's assignor, by agreement with the
trustee of Mill Creek township, furnished materials and
erected lightning-rods on twelve school-houses in the town-
ship, the material and work being reasonably worth $312.60,
and no more. The work was accepted by the trustee, who
issued five certificates therefor, similar in effect to the one
sued on, by which he purported to bind his township to pay
$1,394.35 for the lightning-rods erected. These certificates
were issued in pursuance of a conspiracy entered into by and
between the plaintiff's assignor and the township trustee,

the purpose of which was to create a fictitious debt against the township. The certificate sued on was assigned to the plaintiff, and the others were assigned to persons named, and are still outstanding and unpaid.

Upon the facts returned the court gave judgment that the plaintiff take nothing. On the appellant's behalf, it is insisted that, since the township elected not to rescind the contract and relinquish all benefits under it by returning the property within a reasonable time it is bound, and must pay the amount called for by the certificates, or at least the actual value of the property received and retained by it. Neither of the positions contended for can be maintained as applicable to the facts in the present case :

1. The facts found make it clear that the plaintiff is not the holder of a valid cause of action against the township. The certificate upon which the action is predicated originated in an unlawful and corrupt conspiracy to defraud a public corporation, and is therefore void.

An agreement, or conspiracy, between two persons which has for its object the perpetration of a fraud, or civil injury, upon another, is illegal ; and any agreement to carry out or consummate a scheme which involves a breach of trust, or official duty, is unlawful and void. 3 Am. & Eng. Encyc. of Law, 870. Transactions such as the one disclosed by the special verdict are an unmixed evil, inherently corrupt and vicious ; repugnant to good morals and public policy. Courts will neither listen to nor recognize a party whose cause of action rests upon a contract made " in violation of common decency, public morality, or the law." *Oscanyan* v. *Arms Co.,* 103 U. S. 261 ; *Jackson* v. *Ludeling,* 21 Wall. 616 ; *Woodstock Iron Co.* v. *Richmond, etc., Extension Co.,* 129 U. S. 643.

The township trustee occupied a relation of trust and confidence to his township, and when he conspired with another to create a fictitious indebtedness against the corporation by issuing certificates of indebtedness to an amount more than four times the value of what had been received, he was en-

gaged, if not in a criminal conspiracy, in one so corrupt, immoral and scandalous, that no right of action can be predicated upon any contract connected with or growing out of the transaction.

If anything is settled by the decisions, it is that promissory notes illegally issued by a township trustee are void in their inception, and create no right of action against any one. *Grimsley* v. *State, ex rel.*, 116 Ind. 130 ; *State, ex rel.*, v. *Hawes*, 112 Ind. 323.

When a township trustee acts within the law he may bind his township by contracting a debt for supplies reasonably necessary for the use of the schools of his township. But the contract can only be enforced when the trustee had authority to make it, and then only so far as it represents a debt honestly and legitimately contracted for supplies which the township trustee in the honest exercise of his discretion judged necessary for the use of the township, and which the township actually received. *Reeve School Tp.* v. *Dodson*, 98 Ind. 497 ; *Jefferson School Tp.* v. *Litton*, 116 Ind. 467 ; *Boyd* v. *Mill Creek School Tp.*, 114 Ind. 210 ; *Boyd* v. *Black School Tp.*, 123 Ind. 1.

2. In respect to the claim that the plaintiff was entitled to recover the actual value of the goods furnished the township, it is enough to say he furnished the township nothing, nor does he claim as the equitable assignee of any one who furnished material or performed work and labor for the benefit of the township. He sues as the assignee of a contract, and the only question is as to his right to recover on the contract sued on. *Pearce* v. *Madison, etc., R. R. Co.*, 21 How. 441 ; *Marsh* v. *Fulton County*, 10 Wall. 676. It is quite true that where a municipal corporation receives money into its treasury, or property, or work and labor, which is of value to it through a contract, or by the issuing of bonds or notes that are void, an action may be maintained to recover the money received or the value of the property appropriated. *Schipper* v. *City of Aurora*, 121 Ind. 154 ; *Cox* v. *McLaughlin*, 76 Cal.

60 ; *Louisiana* v. *Wood,* 102 U. S. 294. But no recovery can be had on the illegal contract. The suit must be on the *quantum meruit* for money had and received, or for goods sold and delivered. The plaintiff as the holder by assignment of one of the five certificates which originated in the corrupt conspiracy would have no right to recover the actual value of the property received by the township to the exclusion of the holders of the other certificates.

The judgment is affirmed, with costs.

Filed June 3, 1890.