No. 295.

## KITTENGER v. MONROE SCHOOL TOWNSHIP.

SCHOOLS.—*Supplies.—Order.—Fraud.—Pleading.—Answer.*—In an action on an order issued by a township trustee for school supplies, and assigned to the plaintiff, an answer sufficiently shows fraud which charges an unlawful and corrupt conspiracy between the plaintiff's assignors and the trustee to defraud the defendant school township for their own personal gain by making the amount of the order sued on much greater than the value of the supplies.

SAME.—*Rescission of Order.—Case Followed.*—As to the matter of rescission of the order, when the consideration is not restored, see opinion. *Boyd* v. *Mill Creek School Township*, 124 Ind. 193, followed.

SAME.—*Partial Recovery.—Pleading.—Answer.*—In such action paragraphs of answer seeking to prevent a recovery of any sum in excess of the value of the supplies received are sufficient which allege that to the extent of one hundred and eighty dollars the order sued on was without consideration, and that the property received did not exceed in value the sum of eighty dollars.

From the Cass Circuit Court.

*D. C. Justice,* for appellant.

*Q. A. Myers, J. Gray* and *F. L. Dukes,* for appellee.

NEW, J.—This is an action by the appellant against the appellee upon a complaint consisting of two paragraphs, to recover the amount of an order upon Monroe school township, alleged to have been issued in favor of W. E. Netherton by John W. Brown, trustee of said township, for the sum of $261.88, payable out of the special school fund, and given for certain school supplies. The appellant holds the order by endorsement from said Netherton.

The difference between the two paragraphs of the complaint is not important as affecting any questions presented by the record for our decision. Both paragraphs are based upon the order referred to. It is alleged in both paragraphs that the supplies for which the order was given were proper and necessary for the schools of the township, were received

and used by the same, and were of the value of $261.88, as stated in the order.

The cause was put at issue, tried by a jury, and a special verdict returned, upon which judgment was given against the appellant.

In this court the appellant has assigned and discussed as error the overruling of the demurrer to the fourth paragraph of the answer to the second paragraph of the complaint, the overruling of demurrers to the fifth, sixth and seventh paragraphs of answer to the entire complaint, and the overruling of the appellant's motion for judgment on the special verdict returned by the jury.

The fourth paragraph of the answer charges an unlawful and corrupt conspiracy between Netherton and Brown, the then trustee, to cheat and defraud the appellee, and secure personal gain and benefit to themselves by making the amount of the order sued on greater by nearly two hundred dollars than the value of the supplies for the payment of which the order was given. It is further alleged in this paragraph of answer that ever since said fraudulent, sale was discovered by the present trustee—Thomas B. Hedges—said supplies have been at the office of said trustee, subject to the order of said Netherton, of which the latter was notified as soon as the fraud was discovered and before the commencement of this suit.

The appellant sues as the assignee of the order, and it is upon that order or contract that he seeks to recover. He does not sue upon the *quantum meruit,* or for goods sold and delivered; he seeks to recover upon the order itself. It is not the theory of either paragraph of the complaint that the appellant should have judgment independent of the order, because the appellee has received and enjoyed the benefit of property suitable and necessary for use in the schools of the township.

The objection urged by the appellant to the fourth paragraph of the answer is, that fraud is charged in general

terms only; that there is no sufficient averment of the facts constituting the fraud, and that it is not shown that proper steps for a rescission of the contract were taken by the appellee.

We think the conspiracy alleged to have been entered into between Netherton, the appellant's assignor, and Brown, the trustee at that time, to have the order issued to the former by the latter for nearly $200 more than the value of the supplies furnished, for their own personal gain, is a fact abundantly sufficient, if proved, to establish the fraud. As to the matter of rescission, or offer to restore the property, for which the order was given, there is, as we have shown, an averment in this paragraph of the answer. Whether that averment should be regarded as sufficient, tested by the decisions in this State, where the question of rescission has arisen in cases differing from this, we do not need to decide, if we are governed by the case of *Boyd* v. *Millcreek School Tp.*, 124 Ind. 193.

In that case the school township was sued by Boyd, the assignee of a certificate issued by the trustee. The action was on the certificate. It was contended on behalf of the appellant, that, inasmuch as the school township made no attempt to rescind the contract, and was retaining the benefits received under it, it was bound to pay in an action on the certificate the amount called for therein, or, at least, the actual value of the property received and retained under it. The court held that neither of these positions was well taken, saying, among other things, the following:

" The certificate upon which the action is predicated originated in an unlawful and corrupt conspiracy to defraud a public corporation. An agreement, or conspiracy, between two persons which has for its object the perpetration of a fraud or civil injury upon another, is illegal; and any agreement to carry out or consummate a scheme which involves a breach of trust, or official duty, is unlawful and void."

Upon the authority of the case from which we have thus

quoted, the fourth paragraph of the answer must be regarded as good, independent of any question of rescission, or offer to rescind.

Demurrers to the fifth, sixth and seventh paragraphs of answer to the complaint were overruled. The purpose of each of these paragraphs of answer is to prevent a recovery by the appellant of any sum in excess of the value of the school supplies received. We think that the averments in each paragraph are sufficient for that purpose. The fifth paragraph alleges that to the extent of $180 the order sued on was without consideration, while the sixth and seventh paragraphs aver that the property received under said order did not exceed in value the sum of eighty dollars.

In *Litten* v. *Wright School Tp.*, 127 Ind. 81, it was held that the notes, or certificates, issued by a township trustee for the use of the school township, do not preclude the latter from proving the actual or true value of the property purchased by the trustee, and that the rule which prevails in ordinary cases, where parties fix the value of the property by the exercise of their own judgment, does not apply to the purchase of supplies, on credit, for school corporations, for no more than the reasonable value of the property can, in any event, be recovered. It follows from this view and expression of opinion, from the Supreme Court, that the demurrers to the fifth, sixth and seventh paragraphs of the answer were properly overruled.

We do not think the court erred in overruling the appellant's motion for judgment upon the facts found in the special verdict returned by the jury.

The charge of a fraudulent conspiracy between Brown, the trustee, who issued the order, and Netherton, the appellant's assignor, to cheat and wrong Monroe school township, the appellee, and secure a personal gain and benefit thereby to themselves, as alleged in the fourth paragraph of the answer, in bar of the appellant's right to recover anything on

the order, as a cause of action, is sustained by the facts found.

It follows that the court did not err in adjudging that the appellant take nothing by his complaint.

The judgment is affirmed, with costs.

Filed Jan. 20, 1892.